# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6074 | DATE | 9/2/2004 |
| CASE TITLE | United States ex rel. Tyson vs. Amerigroup Illinois, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion, Defendant's Motion to Dismiss [Doc. 24-1] is DENIED.

/s/ David H. Coar

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 13 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials jar(lc) | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 1 3 2004

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CLEVELAND A. TYSON, | |
| Plaintiff, | No. 02 C 6074 |
| v. | HONORABLE DAVID H. COAR |
| AMERIGROUP ILLINOIS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Amerigroup Illinois, Inc's Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Amerigroup Illinois, Inc. also seeks to dismiss Plaintiff's Complaint for failure to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The motion has now been fully briefed and is ripe for decision.

### I. FACTUAL BACKGROUND[1]

Plaintiff Cleveland A. Tyson ("Relator" or "Tyson") is a former employee of Defendant Amerigroup Illinois ("Defendant" or "Amerigroup"). (Comp. ¶13) Defendant operates in Illinois as a health maintenance organization (HMO). (Comp. ¶14) On March 30, 2000, Amerigroup entered int a Contract with the Illinois Department of Public Aid (IDPA) to provide health services to individuals who are eligible for Medicaid. (Comp. ¶26) In Medicaid managed

---

[1] All these facts are drawn from the Plaintiff's Second Amended Complaint, as is appropriate on a Motion to Dismiss.

1

care programs, health plans, such as the one Defendant runs, are paid a predetermined amount per enrollee based on the age and gender of the enrollee and on actuarial studies of the population group.

Subsequent to entering into the contract to provide health services to Medicaid beneficiaries, Relator alleges that Defendant engaged in a deliberate effort to ensure that "only the healthiest of Medicaid eligible individuals" would participate in Defendant's Medicaid managed care program. Because the plan is paid a predetermined amount based on the number of enrollees in the plan, if the actual enrollees have fewer than average health problems, the plan will lower its medical costs and increase its profits.

The Defendant is alleged to have avoided incurring medical costs through several strategies. One was to refuse to enroll pregnant women in its plan. (Comp. ¶30, 32.) In March 2002, the Illinois Department of Public Aid noted that there was a "huge discrepancy" in the amount of live births between Medicaid beneficiaries enrolled in Defendant's plan and Medicaid beneficiaries who were not enrolled in Defendant's plan. (Comp. ¶33) Another method was to discourage prospective enrollees who needed specialized medical care from enrolling in Defendant's plan. (Comp. ¶36.) A third method was to retroactively disenroll prematurely born infants from the plan. (Comp. ¶38)

Pursuant to its contract with Illinois Department of Public Aid, Defendant had to submit quarterly certifications that, to its knowledge, there was no fraud, abuse, or misconduct occurring on the part of its employees, providers, or representatives. The contract defines "abuse" as "a manner of operation that results in excessive or unreasonable costs to the Federal and/or State health care programs." (Comp. Ex. A, at 2) Defendant submitted these certifications on a

2

quarterly basis indicating that there was no fraud, abuse, or misconduct occurring.

## II. PROCEDURAL BACKGROUND

The False Claims Act (FCA) establishes civil penalties for any person who files "a false or fraudulent claim for payment or approval" with the United States Government. 31 U.S.C. § 3729(a)(1); see also United States ex rel Mathews v. Bank of Farmington, 166 F.3d 853, 866 (7th Cir.1999). The FCA may be enforced by either the Attorney General of the United States or by a private person, known as a relator. See United States ex rel. Chandler v. Cook County, Illinois, 277 F.3d 969, 973 (7th Cir.2002). An action brought by a relator is designated as a qui tam lawsuit, and it is initially brought on behalf of both the relator and the United States Government. See id. If the Government declines to intervene in the lawsuit, the relator may proceed on his own and will receive a portion of the Government's recovery if he ultimately prevails. See id. The relator's reward can amount to 25 to 30 percent of the judgment or settlement. See United States ex rel. Lu v. Ou, 368 F.3d 773 (7th Cir. 2004). Since the Civil War, qui tam suits have been part of the FCA scheme for preventing fraud against the federal government. See United States ex rel. Lamers v. City of Green Bay, 168 F.3d 1013, 1016 (7th Cir.1999). Congress enacted the qui tam provision of the FCA to encourage individuals with knowledge of government fraud to come forward and report the fraudulent conduct. See Mathews, 166 F.3d at 858 ("Congress wanted to reward private individuals who take significant risks to bring wrongdoing to light, to break conspiracies of silence among employees of malfeasors, and to encourage whistle blowing and disclosure of fraud.").

In this case, Relator filed the four count Second Amended Complaint on October 14, 2003. Count I alleges that Defendant knowingly presented false or fraudulent claims for

3

payment or approval to the United States in violation of 31 U.S.C. § 3729(a)(1). Count II alleges that Defendant knowingly made or used false records or statements to get false or fraudulent claims paid or approved by the United States in violation of 31 U.S.C. § 3729(a)(2). Count III of the Complaint alleges that Defendant knowingly presented false or fraudulent claims for payment to the State of Illinois in violation of 740 I.L.C.S. §175/3(a)(1). Count IV of the Complaint alleges that Defendant knowingly made or used a false record or statement to get false or fraudulent claims paid or approved by the State of Illinois in violation of 740 I.L.C.S. §175/3(a)(2).

Defendant has now moved to dismiss this Complaint on two separate grounds: (1) for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) for failing to plead the elements of fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure. The motion is now fully briefed and ripe for decision.

## III. DISCUSSION

### A. Pleading Requirements of Rule 9(b)

In Federal Claims Act cases, the Relator is required to meet the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. See United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376 (7th Cir. 2003) (affirming dismissal for failure to satisfy the requirements of Rule 9). "In order to meet the requirements of FRCP 9(b), a plaintiff must plead the 'who, what, when and where of the fraud.'" United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376 (7th Cir.2003)). Defendant asserts that the Complaint does not include sufficient facts to satisfy this rule.

4

The central facts of the fraud are clearly pleaded in the Complaint. Plaintiff alleges that the quarterly certifications to the Illinois Department of Public Aid that there were no incidents of fraud, abuse, or misconduct were false and fraudulent. Plaintiff attached four quarterly certifications dated January 28, 2002; July 25, 2002; October 21, 2002; and January 29, 2003, to the Complaint as Exhibit B. Each of these certifications was signed by Dwight Jones, M.D., the CEO of Defendant Amerigroup. The Complaint alleges that these certifications were false because the limited enrollment practices Defendant was undertaking constituted abuse under the contract. (Comp. ¶11) The Complaint also alleges that these certifications were a precondition to receiving payment from the federal and state governments. (Comp. ¶12)

To answer the essential Rule 9 questions: the "who" of the fraud is Dwight Jones, M.D. the CEO of Defendant Amerigroup, aided by Paul Hardwick, Associate Vice President of Marketing, and Jeannie Hollis, Associate Vice President of Medical Management (Comp. ¶30, 32-38); the "what" of the fraud is certifying to the state that there is no abuse occurring when in fact the Defendant was engaging in abusive and impermissible marketing and enrollment practices; the "when" of the fraud is the period covered by the four attached quarterly certifications, October 1, 2001 through December 31, 2002; and the "where" of the fraud is within the Defendant's offices from which the false certifications were generated and the abusive and impermissible marketing and enrollment practices were planned and implemented.

For the reasons set forth above, this Court finds that Plaintiff's Second Amended Complaint satisfies the heightened pleading requirements of Rule 9(b). Defendant's Motion to dismiss on this basis must be denied.

**B.     Motion to Dismiss for Failure to State a Claim**

5

Defendant also seeks dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. In evaluating the motion, the Court accepts as true all facts and allegations in the complaint and makes all reasonable inferences in the plaintiff's favor. See Holman v. Indiana, 211 F.3d 399, 402 (7th Cir. 2000). Complaints should only be dismissed if it is clear that no set of facts in support of the claim would entitle the plaintiff to relief. See Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69. 73 (1984)).

The Seventh Circuit has held that to bring a cause of action under the FCA, a plaintiff must establish three elements: "(1) the defendant made a record or statement in order to get the government to pay money; (2) the record or statement was false or fraudulent; and (3) the defendant knew it was false or fraudulent." United States ex rel. Lamers v. City of Green Bay, 168 F.3d 1013, 1018 (7th Cir.1999) (construing 31 U.S.C. § 3729(a)(2)).

The records or statements that are alleged to be false or fraudulent in this case are the certifications to the Illinois Department of Public Aid that the Defendant was unaware of any abuse, misconduct or fraud. The Complaint clearly alleges that the Defendant knew the statements were false or fraudulent. (Comp. ¶32–42) Where Plaintiff's case become slightly tenuous is in the connection between the false certifications and the payment of money. At this stage, however, the facts in the Complaint are taken as true, and the Plaintiff benefits from inferences in its favor. The Complaint clearly alleges that the certifications to the Illinois Department of Public Aid were a precondition of payment. (Comp. ¶ 12, 42) Those allegations

6

are sufficient to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied in its entirety.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: September 2, 2004**